UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK

------------------------------------------------------------x

JIMMY DABBAH,

                Plaintiff,

      - against -                             Case No.

CHOICE HOME WARRANTY,
YEHUDAH "JUDAH" ESSES, and            **COMPLAINT**
MARLA RAMIREZ,

                Defendants.

------------------------------------------------------------x

      Plaintiff, Jimmy Dabbah, by his attorneys, Book Law LLP, for his Complaint against defendant, Choice Home Warranty, Yehudah "Judah" Esses ("Mr. Esses"), in his individual capacity, and Marla Ramirez ("Ms. Ramirez"), in her individual capacity, (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF ACTION

1. This is an action for damages against defendant for violation of the Family and Medical Leave Act, 29 U.S.C. §2612 et seq. ("FMLA"), the New Jersey Family Leave Act, NJ ST 34:11B, *et seq*. ("NJ FLA"), and the New Jersey Law Against Discrimination, NJ ST 10:5-1, *et seq*. ("NJLAD").

## JURISDICTION AND VENUE

2. The jurisdiction of this Court over this controversy is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy is greater than $75,000, exclusive of interests and costs. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over related claims brought under New Jersey law.

3. Venue in this Court is proper in that defendant transacts business in this District.

## PARTIES

4. Plaintiff, Jimmy Dabbah ("plaintiff" or "Mr. Dabbah"), resides in Brooklyn, New York. At all relevant times, he met the statutory definition of an "employee" under all applicable statutes.

5. At all relevant times, defendant, Choice Home Warranty ("CHW"), is and was a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 2147 Route 27 South, 4th Floor, Edison, NJ 08817.

6. At all relevant times, defendant, CHW transacted substantial business within the state of New York.

7. Upon information and belief, CHW employs more than 50 employees in the home warranty business, and, at all relevant times, CHW met the definition of an "employer" under all applicable statutes.

8. Defendant Yehudah "Judah" Esses is a Supervisory employed by Defendant CHW, where he exercises managerial and/or supervisory authority with the authority to hire and fire employees and met the definition of an "employer" under all applicable statutes.

9. Yehudah "Judah" Esses's address for service of process is Choice Home Warranty, 2147 Route 27 South, 4th Floor, Edison, NJ 08817.

10. Defendant Marla Ramirez is the Chief Operating Officer employed by Defendant CHW where she exercises managerial and executive authority with the authority to hire and fire employees and met the definition of an "employer" under all applicable statutes.

11. Marla Ramirez's address for service of process is Choice Home Warranty, 2147 Route 27 South, 4th Floor, Edison, NJ 08817.

# FACTS

12. CHW hired Mr. Dabbah in 2010 to work in the Sales Department.

13. Mr. Dabbah worked at the Edison, New Jersey location at 2147 Route 27, Edison, NJ at all relevant times.

14. Throughout his tenure at CHW, Mr. Dabbah received multiple promotions and raises in recognition of his excellent performance. Mr. Dabbah was promoted from the Sales Department to the Customer Service Department, the Claims Department, and the Authorizations Department. He received raises commensurate with each promotion.

15. Mr. Dabbah was employed full-time by Defendants and worked in excess of 1250 hours in the 12 months immediately preceding his request for FMLA leave.

16. In May 2022, Mr. Dabbah requested two weeks' FMLA leave for the birth of his daughter. Mr. Dabbah was granted leave and returned to work at CHW at the leave's expiration.

17. On or about October 7, 2022, Mr. Dabbah requested FMLA leave to care for his newborn child. Upon information and belief, Mr. Dabbah had ten (10) weeks of FMLA leave remaining.

18. This second request for FMLA leave was for six weeks during the period beginning from on or about October 10, 2022, and ending on or about November 18, 2022. Mr. Dabbah's request was approved, and he was scheduled to return to work on November 21, 2022.

19. On or about the week of November 13, 2022, during the last week of FMLA leave, Mr. Dabbah contacted his direct supervisor, Yehudah "Judah" Esses, ("Mr. Esses") and CHW Chief Operating Officer ("COO"), Marla Ramirez, ("Ms. Ramirez"), requesting an extension of leave to continue to care for his child.

20. On or about November 21, 2022, the date Mr. Dabbah was originally scheduled to return to work, Mr. Esses told Mr. Dabbah to contact Ms. Ramirez regarding his request for an FMLA extension. Ms. Ramirez never responded to Mr. Dabbah's request. However, on November 21, 2022, Mr. Dabbah was removed from all company correspondence and his work email was restricted.

21. On or about November 28, 2022, Mr. Dabbah informed Mr. Esses, via text message, that he had received no response from Ms. Ramirez regarding his request. Mr. Esses responded via text, "If you need something you tell me and I'll tell her."

22. Neither Mr. Esses nor Ms. Ramirez responded to Mr. Dabbah's request. On or about November 28, 2022, Mr. Esses sent text messages to Mr. Dabbah stating that if he did not return to work on December 5, 2022, CHW would treat Mr. Dabbah's absence as his resignation. Mr. Dabbah stated that he was not resigning and that he had requested additional time for the care of his child, to which he had received no response.

23. On or about November 29, 2022, Mr. Dabbah received a text message from Mr. Esses which stated: "Okay so giving you till next Monday. You need to be back in office by the 12th. If you can't figure it out by then I need to know." Mr. Dabbah did not receive any other response to his request for an FMLA extension, therefore he understood that his FMLA leave had been extended an additional three weeks with a return date of December 12, 2022.

24. On or about December 8, 2022, Mr. Dabbah's four-year-old child was hospitalized. The hospital notified Mr. Dabbah at that time that his health insurance through CHW had been cancelled. It was also at that time that Mr. Dabbah contacted CHW and learned his employment had been terminated prior to his December 12, 2022 return date.

25. In January 2023, Mr. Dabbah applied for unemployment benefits. Mr. Dabbah received benefits initially, but CHW falsely alleged that he resigned from his job. Mr.

Dabbah's benefits were discontinued and he was required to pay back benefits he had already received.

26. By terminating Mr. Dabbah's employment following his request for and approval of an extension of his FMLA leave, defendants deprived Mr. Dabbah of benefits to which he was entitled under FMLA, namely reinstatement to his position upon return from leave.

27. By terminating Mr. Dabbah's employment following his request for, and approval of, FMLA extension, defendants retaliated against him for exercising his FMLA rights.

28. The individual defendant, Yehudah "Judah" Esses, personally had knowledge concerning Mr. Dabbah's need for FMLA leave; the approval of his FMLA extension; participated in interfering with Mr. Dabbah's use of FMLA leave; participated in the retaliation against Mr. Dabbah for taking FMLA leave; and occupied a supervisory position with the power over plaintiff to do more than carry out personnel decisions made by others.

29. The individual defendant, Marla Ramirez, personally had knowledge concerning Mr. Dabbah's need for FMLA leave; the approval of his FMLA extension; participated in interfering with Mr. Dabbah's use of FMLA leave; participated in the retaliation against Mr. Dabbah for taking FMLA leave; and occupied a supervisory position with the power over plaintiff to do more than carry out personnel decisions made by others.

30. The individual defendant, Mr. Esses, exercised control over Mr. Dabbah's employment, directed when Mr. Dabbah would return to work, exercised control over Mr. Dabbah's rights under the FMLA, delegated his authority and duty to Ms. Ramirez, and ultimately participated in Mr. Dabbah's termination.

31. The individual defendant, Ms. Ramirez exercised control over Mr. Dabbah's employment, including administering the FMLA process, when Mr. Dabbah would return to work, maintaining employment records, exercised control over Mr. Dabbah's rights under the FMLA, and ultimately participated in Mr. Dabbah's termination.

## FIRST CLAIM FOR RELIEF BY AGAINST ALL DEFENDANTS
## FOR VIOLATING THE FMLA

32. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

33. Defendants failed to provide plaintiff with required notices under the FMLA advising him whether his leave was approved, and the duration of any approved leave.

34. Defendants terminated plaintiff's employment without notice and because plaintiff required additional leave.

35. Defendants violated the FMLA by not offering to reinstate Mr. Dabbah to his position upon completing his FMLA leave.

36. Defendants violated the FMLA by not maintaining Mr. Dabbah's health insurance coverage during the duration of his leave.

37. The individual defendant, Mr. Esses, is individually liable as an employer because he exercised control over Mr. Dabbah's employment, directed when Mr. Dabbah would return to work, exercised control over Mr. Dabbah's rights under the FMLA, delegated his authority and duty to Ms. Ramirez, and ultimately participated in Mr. Dabbah's termination.

38. The individual defendant, Ms. Ramirez, is individually liable as an employer because she exercised control over Mr. Dabbah's employment, including administering the FMLA process, when Mr. Dabbah would return to work, maintaining employment records, exercised control over Mr. Dabbah's rights under the FMLA, and ultimately participated in Mr. Dabbah's termination.

39. As a result of defendant's willful, knowing, and intentional violation of the FMLA, plaintiff sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

## SECOND CLAIM FOR RELIEF BY AGAINST ALL DEFENDANTS FOR FMLA RETALIATION

40. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

41. By reason of the foregoing, defendants retaliated against plaintiff by terminating him as a result of his request for FMLA leave.

42. The individual defendant, Mr. Esses, is individually liable as an employer because he exercised control over Mr. Dabbah's employment, directed when Mr. Dabbah would return to work, exercised control over Mr. Dabbah's rights under the FMLA, delegated his authority and duty to Ms. Ramirez, and ultimately participated in Mr. Dabbah's termination.

43. The individual defendant, Ms. Ramirez, is individually liable as an employer because she exercised control over Mr. Dabbah's employment, including administering the FMLA process, when Mr. Dabbah would return to work, maintaining employment records, exercised control over Mr. Dabbah's rights under the FMLA, and ultimately participated in Mr. Dabbah's termination.

44. As a result of defendant's willful, knowing, and intentional retaliation, plaintiff sustained substantial losses in earnings, future pecuniary losses and benefits, and has suffered and continues to suffer humiliation, mental and physical distress, and anguish.

## THIRD CLAIM FOR RELIEF BY AGAINST ALL DEFENDANTS FOR VIOLATION OF THE NEW JERSEY FAMILY LEAVE ACT

45. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

46. By reason of the foregoing, defendants failed to provide plaintiff with required notices under the NJ FLA advising him whether his leave was approved, and the duration of any approved leave.

47. Defendants terminated plaintiff's employment without notice and because plaintiff required additional leave.

48. Defendants violated the NJ FLA by not offering to reinstate Mr. Dabbah to his position upon completing his leave.

49. Defendants violated the NJ FLA by not maintaining Mr. Dabbah's health insurance coverage during the duration of his leave.

50. The individual defendant, Mr. Esses, is individually liable as an employer because he exercised control over Mr. Dabbah's employment, directed when Mr. Dabbah would return to work, exercised control over Mr. Dabbah's rights under the FMLA, delegated his authority and duty to Ms. Ramirez, and ultimately participated in Mr. Dabbah's termination.

51. The individual defendant, Ms. Ramirez, is individually liable as an employer because she exercised control over Mr. Dabbah's employment, including administering the FMLA process, when Mr. Dabbah would return to work, maintaining employment records, exercised control over Mr. Dabbah's rights under the FMLA, and ultimately participated in Mr. Dabbah's termination.

52. As a result of defendants' willful, knowing, and intentional violation of the NJ FLA, plaintiff sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress, and anguish.

**FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION**

53. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

54. By reason of the foregoing, plaintiff, because of his familial status in having to care for his child pursuant to provisions of the FMLA, was denied terms and conditions of employment and was discharged by defendants in violation of the NJLAD, NJ ST 10:5-1 *et seq*.

55. Mr. Esses participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of the NJLAD.

56. Ms. Ramirez participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of the NJLAD.

57. As a result of the Defendants' willful, knowing, and intentional discrimination, Mr. Dabbah sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress, and anguish.

**WHEREFORE**, Plaintiff respectfully request that the Court enter judgment in Plaintiff's favor and against defendants, containing the following relief:

    A. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

    B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

    C. An award of damages for any and all other monetary and/or non-monetary losses suffered by plaintiff in an amount to be determined at trial, plus prejudgment interest;

    D. An award of liquidated and punitive damages;

E. An award of costs that plaintiff has incurred in this action, as well as plaintiffs' reasonable attorneys' fees to the fullest extent permitted by law; and

F. Such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY
ON ALL CLAIMS FOR RELIEF**

BOOK LAW, LLP

By: _____/s/ Chaim Book_____
Chaim B. Book
Book Law LLP
7 Times Square, 19th Floor
New York, NY 10036
Tel: (212) 244-0344
cbook@booklawllp.com
*Attorneys for Plaintiff*